### ROBINSON *v.* THE STATE.

SIMMONS, C. J.   1. Where, in connection with a motion for a new trial, an order, designed to obtain additional time for filing a brief of evidence, was presented to the judge with a blank therein which, upon granting the order, he was to fill with the date fixing the limit within which such brief could be filed ; and where upon so doing the order and the motion were filed by the judge with the clerk, it became the duty of counsel for movant to follow up the matter and ascertain what date was actually inserted in the blank ; and having failed so to do, there was no error in dismissing the motion for want of a brief of evidence, when it appeared that no brief was filed within the time prescribed in the order as filed.

2. The local option act for Troup county, approved December 24, 1884 (Acts 1884-5, p. 528), is not unconstitutional for any reason specified in the assignments of error.

*Judgment affirmed. All the Justices concurring, except Fish, J., absent.*

Submitted May 21, — Decided June 5, 1900.

Indictment for misdemeanor.   Before Judge Longley.   City court of LaGrange.   March term, 1900.

One of the exceptions was upon the overruling of a demur- rer to the indictment, wherein it was charged that the plain- tiff in error, on November 4, 1899, in Troup county, "did sell alcoholic, spirituous, and malt liquors, and intoxicating bitters, and beer, and wine, and other intoxicating liquors, contrary to the laws of said State," etc.   The ground of the demurrer was, that "there is more in the body of the local option act of Troup county than there is in the title of the act, because word justices [?] is left out of the caption of the bill and al-

leged within the body of it," and that " the local option act for Troup county·is class legislation."

*Isaac Jackson* and *D. J. Gaffney*, for plaintiff in error.
*W. T. Tuggle, solicitor,* contra.